RECEIVED
JUL 1 3 2005
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| JAMMIE WILLIAMS | CIVIL ACTION NO. 05-327-P |
| VERSUS | JUDGE STAGG |
| JERRY GOODWIN, ET AL. | MAGISTRATE JUDGE HORNSBY |

## REPORT AND RECOMMENDATION

In accordance with the standing order of this Court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

## STATEMENT OF CLAIM

Before the Court is a civil rights complaint filed in forma pauperis by pro se plaintiff Jammie Williams ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this Court on February 22, 2005. Plaintiff is incarcerated at the David Wade Correctional Center in Homer, Louisiana, and he alleges his civil rights were violated by prison officials. He names Jerry Goodwin, Ray Hanson, Jamie Fussell and Becky Moss as defendants.

Plaintiff claims that on December 7, 2004, the review board recommended that he be released from maximum security lock-down and reassigned to the working cell blocks. He complains that on December 8, 2004, Jamie Fussell denied the review board's recommendation because he had a pending criminal charge. He also complains that Jamie Fussell retaliated against him because of grievances and lawsuits he previously filed against her. He claims Jamie

Fussell released other inmates from extended lock-down even though they had pending criminal charges.

Plaintiff claims that on January 14, 2005, he filed a grievance in the administrative remedy procedure. In said grievance, he requested that he be treated the same as other inmates who were released from maximum security lock-down with pending criminal charges. On January 21, 2005, Becky Moss rejected this grievance because it contained multiple issues. Plaintiff claims this rejection was unreasonable.

As relief, Plaintiff seeks monetary compensation, punitive damages, a declaratory judgment and an injunction.

For the following reasons, Plaintiff's complaint should be dismissed as frivolous.

## LAW AND ANALYSIS

### Prison Classification

Plaintiff complains he was not released from maximum security extended lock-down to the working cell blocks. This is not a claim that this Court can resolve. Federal courts should not, under the guise of enforcing constitutional standards, assume the superintendence of state prison administration. See Jones v. Diamond, 636 F.2d 1364, 1368 (5th Cir. 1981) (en banc) (overruled on other grounds). Thus, this Court accords state prison administrators wide-ranging deference to adopt and to execute policies and practices that are needed to maintain and preserve order, discipline and security in prison. See Bell v. Wolfish, 441 U.S. 520, 547 (1979).

The classification of prisoners is such a practice that is left to the discretion of prison officials. See McCord v. Maggio, 910 F.2d 1248, 1250 (5th Cir. 1990). "It is well settled that

'[p]rison officials must have broad discretion, free from judicial intervention, in classifying prisoners in terms of their custodial status'." McCord, 910 F.2d at 1250 (quoting Wilkerson v. Maggio, 703 F.2d 909 (5th Cir. 1983)).

In Louisiana, the classification of prisoners is the duty of the Department of Corrections and an inmate, such as Plaintiff, has no right to a particular classification. In addition, "speculative, collateral consequences of prison administrative decisions do not create constitutionally protected liberty interests." Luken v. Scott, 71 F.3d 192, 193 (5th Cir. 1995) (citing Meachum v. Fano, 427 U.S. 215, 299 n.8, 96 S. Ct. 2532, 2540 n.8 (1976)). Thus, the prison officials' decision to incarcerate Plaintiff in maximum security extended lock-down and the resulting consequences of such decision do not give rise to constitutionally protected liberty interests. Plaintiff's claim with respect to his classification is frivolous because it lacks an arguable basis in law and in fact, and it should be dismissed with prejudice as frivolous.

**Retaliation**

Plaintiff claims his constitutional rights were violated by Jamie Fussell as retaliation for filing grievances and lawsuits against her. To state a claim of retaliation an inmate must allege the violation of a specific constitutional right and be prepared to establish that but for the retaliatory motive the complained of incident–such as the continued placement in maximum security extended lock-down --would not have occurred. Woods v. Smith, 60 F.3d 1161 (5th Cir. 1995), citing Mt. Healthy City School Board District Bd. Of Education v. Doyle, 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977).

As shown above, Plaintiff's constitutional rights have not been shown to have been

3

violated as to his classification. Moreover, the retaliatory motive alleged by Plaintiff is entirely conclusory as he provides no specific allegations showing that "but for" this motive he would not have been incarcerated in maximum security extended lock-down. In fact, Plaintiff admits that he had a pending criminal charge. Thus, Plaintiff's claims regarding retaliation should be dismissed with prejudice as frivolous.

### Administrative Remedy Procedure

Plaintiff complains that defendant Becky Moss unreasonably rejected the grievance he filed in the administrative remedy procedure on January 14, 2005. Inmates do not have a constitutionally protected right to a prison administrative grievance procedure. See Oladipupo v. Austin, et al., 104 F.Supp.2d 626 (W.D. La. 2000); Brown v. Dodson, et al., 863 F. Supp. 284 (W.D. Va. 1994); Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991). A prison official's failure to comply with a state administrative grievance procedure is not actionable under Section 1983 because a state administrative grievance procedure does not confer any substantive constitutional right upon prison inmates. Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988), cert. denied, 488 U.S. 898, 109 S.Ct. 242, 102 L.Ed.2d 231. Furthermore, state administrative grievance procedures are separate and distinct from state and federal legal procedures. Thus, a prison official's failure to comply with state administrative grievance procedures does not compromise an inmate's right of access to the courts. Flick, supra. Thus, insofar as Plaintiff alleges that defendant Becky Moss unreasonably rejected his grievance, this allegation, standing alone, does not provide an arguable basis for recovery under Section 1983 and should be dismissed with prejudice as frivolous.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this Court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed. See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact. See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989).

For the reasons stated, the Court finds that the IFP complaint based upon an alleged violation of Plaintiff's civil rights lacks an arguable basis in law and in fact.

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objection within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a

courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within ten (10) days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 13th day of July 2005.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE

CC:TS